UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:09-CR-28 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| JAHALA SANDERS | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

Defendant Jahala Sanders's sentencing presented the Court with an unexplored issue of law: how subsequent criminal conduct unrelated to the indictment affects the two-level reduction for acceptance of responsibility under United States Sentencing Guidelines ("USSG") § 3E1.1 when it occurs prior to the defendant's entry of a guilty plea and does not continue after the defendant pleads guilty to the crime charged in the indictment. For the following reasons, the Court holds the two-level reduction for acceptance of responsibility should be more liberally granted when criminal conduct subsequent to the indictment is unrelated to the crimes for which the defendant is charged and occurs *prior* to the entry of a guilty plea. If criminal conduct continues after the defendant has pleaded guilty, then a two-level reduction for acceptance of responsibility will rarely be appropriate as it is inconsistent with a true acceptance of responsibility.

**I.    FACTS**

Jahala Sanders ("Defendant"), along with codefendants Jason Sanders ("Sanders")[1] and Michael James ("James") admitted to stealing mail looking for checks to cash. Sanders and James

---

[1] Jason Sanders is Defendant's husband.

would steal mail from individuals on Sanders's newspaper route. The three individuals would then cash the stolen checks and divide the proceeds. Between the three defendants, they cashed fourteen checks resulting in a loss of $13,929. Defendant participated in the conspiracy by cashing approximately five of the fourteen checks. On September 29, 2008, a patrolman stopped James for a traffic violation and gained consent to search his vehicle. The officer found several pieces of mail not addressed to James and upon questioning, James admitted to stealing mail from individuals on Sanders's newspaper route and informed the officer he had two accomplices, Defendant and Sanders.

On September 30, 2008, Defendant and Sanders met with a detective of the Dunlap Police Department, where they admitted to stealing mail with James and cashing stolen checks. Defendant was charged in a five-count Indictment and pleaded guilty to counts one (Conspiracy to Steal United States Mail) and five (Possession of Stolen Mail) under a plea agreement before the Court on May 14, 2009. In addition, Defendant offered to testify against James. Between the time of Defendant's initial arrest on March 9, 2009, and her entry of a guilty plea on May 14, 2009, Defendant continued to engage in criminal conduct. On May 12, 2009, Defendant sold 20 hydrocodone pills to a confidential informant for $120 and indicated she may be able to sell additional pills if needed, later in the week. Defendant obtained these pills from a friend and passed the entire $120 on to this friend at the end of the transaction. Defendant admitted to her involvement with the drug sale and did not engage in any criminal conduct after her guilty plea on May 14, 2009.

Defendant appeared before the Court for sentencing on September 24, 2009. The presentence investigation report ("PSR") calculated Defendant's base offense level as a 12 and did not allow for a two-level reduction for acceptance of responsibility under USSG § 3E1.1. Defendant

objected to the PSR asserting she was entitled to a reduction based on her timely plea of guilty and agreement with the factual basis in the plea agreement. The government responded Defendant's subsequent criminal activity was inconsistent with acceptance of responsibility and further, her intent to engage in drug transactions later in the week after her guilty plea was entered demonstrated her lack of true acceptance of responsibility at the time her plea was entered. Arguments were heard from both sides and the Court, based on an analysis of governing Sixth Circuit precedent and the timing of Defendant's misconduct, allowed the two-level reduction. Defendant was thus sentenced using a base offense level of 10.

This opinion elaborates on the legal reasoning behind the Court's decision to allow the two-level reduction for acceptance of responsibility under USSG § 3E1.1.

**II.   DISCUSSION**

**A.    Section 3E1.1**

Pursuant to USSG § 3E1.1(a), "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Among the eight considerations relevant to the determination of whether a defendant qualifies for the reduction are: "truthfully admitting the conduct comprising the offense of conviction," "voluntary assistance to authorities in the recovery of the fruits and instrumentalities," and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." USSG § 3E1.1, cmt.n.1(a), (e), (h). In support of Defendant's qualification for the reduction, Defendant offered her admission of guilt to the detective on September 30, 2008, her timely plea of guilty and agreement with the factual basis on May 14, 2009, and her willingness to testify against the only unrelated defendant, James. Under

Application Note 3, "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility." Applying the considerations of Application Note 1, Defendant met the requirements for an acceptance of responsibility reduction.

A defendant who enters a guilty plea is not entitled to a reduction as a matter of right, rather, Defendant's conduct evidencing acceptance of responsibility can be outweighed by conduct inconsistent with such an acceptance. USSG § 3E1.1 cmt. n.3. Among the considerations for determining a defendant qualifies for the reduction is "voluntary termination or withdrawal from criminal conduct or associations." USSG § 3E1.1 cmt. n.1(b). Here, Defendant engaged in a sale of prescription drugs after she was charged with the instant offense but before she entered her plea of guilty. Consideration of Defendant's continuing criminal conduct after she indicated her intent to plead guilty would weigh in favor of denying the two-level reduction despite her timely plea, willingness to testify, and admission of guilt.

### B. Conduct Inconsistent with Acceptance of Responsibility

Continued engagement in criminal activity after the arrest suggests an inconsistency with a defendant's acceptance of responsibility. However, there must be a significant relationship between the continued criminal conduct and the instant offense to deprive the defendant of an otherwise warranted two-level reduction for acceptance of responsibility. The United States Court of Appeals for the Sixth Circuit has held acceptance of responsibility is "acceptance of responsibility for his offense" not for "illegal conduct" generally. *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993) (holding drug use and possible theft were unrelated to the charge of possession of a firearm and should not affect his reduction for acceptance of responsibility). "[C]onsidering unrelated

4

criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for specific criminal behavior is the issue." *Id. Compare United States v. Banks*, 252 F.3d 801, 807 (6th Cir. 2001) (holding consideration of the defendant's unrelated post-plea assault and destruction of property charges in denying a reduction of acceptance of responsibility for drug trafficking and firearm possession was improper), *with United States v. Walker*, 182 F.3d 485 (6th Cir. 1999) (upholding denial of adjustment for acceptance of responsibility where the defendant, having pled guilty to conspiracy to distribute cocaine, tested positive for cocaine use while free on bond pending sentencing), *and United States v. Khouri*, 169 F. App'x 459, 466 (6th Cir. 2006) (determining consideration of defendant's attempted bank robbery under the same statute as his instant offense was an offense "related not to his general disposition as prohibited by *Morrison* and *Banks*, but rather to the specific criminal behavior to which [defendant] had pled guilty").

Defendant engaged in conduct after her arrest that was unrelated to the theft and forgery offenses for which she was charged. Defendant was selling prescription drugs after her initial arrest for stealing mail and uttering forged securities. The prescription drugs were not obtained by fraud or theft and the drugs themselves belonged to the defendant or a consenting third-party seller. Defendant's sale of these prescription drugs is entirely unrelated to the conduct for which she has accepted responsibility, the conspiracy to steal mail and utter forged securities. Under Sixth Circuit precedent, her sale of prescriptions would not diminish her acceptance of responsibility for the offense with which she has been charged.[2]

---

[2] Other circuits have reached conflicting interpretations of this limitation on the acceptance of responsibility. *See, e.g., United States v. Watkins*, 911 F.2d 983 (5th Cir. 1990) (declining to grant the defendant a decrease for acceptance of responsibility for the offense of possession of stolen treasury checks for the sole reason the defendant had used cocaine while on release pending sentencing.); *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994) ("[W]e agree with the Fifth

5

The lack of relationship or similarity between the instant offense and the subsequent criminal activity would weigh in favor of allowing Defendant a two-level reduction for acceptance of responsibility.

C. **Timing of Criminal Conduct**

In considering whether a defendant that engages is subsequent criminal activity is entitled to the two-level acceptance of responsibility reduction, an important consideration to the Court is whether the subsequent criminal activity took place prior to or after the entry of the plea of guilty. This consideration weighs very heavy in the Court's analysis. "It is especially probative in this context that one who has admitted his guilt nevertheless continues in the same conduct following his guilty plea." *United States v. Maxwell*, 75 F. App'x 436, 438 (6th Cir. 2003). In *Maxwell*, the defendant continued to possess and sell methamphetamine after she pleaded guilty to possession of methamphetamine. In addition to the continuation of the same conduct at issue in the instant offense, the Sixth Circuit notes the timing of the conduct as occurring after the guilty plea. "[Defendant] admittedly possessed methamphetamine for resale after pleading guilty to the same charge." *Id*. This consideration is an important factor in assessing whether a two-level reduction is appropriate. *See also*, *Walker*, 182 F.3d at 488 (holding the defendant's continued cocaine use after entry of a guilty plea for conspiracy to distribute cocaine demonstrated his failure to accept responsibility for his criminal conduct).

In the Court's view, this provides a bright line delineation for assessment of the propriety of awarding the two-level reduction. Prior to the entry of the guilty plea a criminal defendant has

---

Circuit that a district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate.").

6

not made a public, formal acknowledgment of their guilt. After the entry of the guilty plea continued criminal conduct calls into question whether a criminal defendant has truly made a break from the past criminal conduct.

For this reason, conduct may be entirely unrelated to the underlying offense and still preclude a two-level reduction if the criminal conduct occurs *after* the guilty plea is entered. If a defendant intends to engage in criminal activity during and after entering a plea, there is a stronger basis for finding an inconsistency with acceptance of responsibility and a renouncement of criminal conduct than if the conduct occurs prior to the plea. The analysis of the relationship between the subsequent criminal conduct and the instant offense should be more generously applied in cases where a defendant has not engaged in criminal activity after entering a plea than in cases such as *Maxwell* or *Walker* where the conduct continues after the plea.

In the instant case, Defendant's sale of prescription drugs occurred days before her guilty plea was entered. There is even evidence she could have been open to a drug sale in the future, after the time of her plea. However, unlike *Maxwell* or *Walker*, Defendant did not continue to engage in criminal activity after her guilty plea. At the time of the entry of her guilty plea, Defendant demonstrated an intent to accept responsibility and she took no further action to conflict with this intent or otherwise diminish her acceptance of responsibility.

Defendant's criminal conduct occurred prior to entering a plea of guilty for the instant offense and did not continue beyond the guilty plea. The timing of the criminal conduct would weigh in favor of allowing the two-level reduction for acceptance of responsibility. As the Court said earlier, this is a bright line delineation that works to Defendant's benefit.

### III. CONCLUSION

For the foregoing reasons, the Court allowed a two-level reduction based on Defendant's acceptance of responsibility before determining the Guideline range. Defendant's base offense level was 10 and with her criminal history category of I, the applicable Guidelines range was 6 to 12 months.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**